John L. Flynn, J.
This is an article 78 (Civ. Prac. Act) proceeding by the landlord to review the determination of the State Rent Administrator denying certificates of eviction to the landlord. The building involved is over 100 years old and consists of four stories. It contains two stores on the ground floor, one of which is vacant and the other occupied under a lease which expires in March, 1960, and three cold-water flats. The second floor apartment is vacant. The third and fourth floors are occupied by tenants which landlord seeks to evict. The basis for the landlord’s application under section 59 of the State Rent and Eviction Regulations is that the landlord seeks to withdraw only the housing accommodations from the rental market because the cost of removing a housing and building violation would exceed the assessed valuation of the structure.
The violation placed against the building stated 11 The brickwork on the side wall and front wall is defective, cracked, bulged and out of bond ”. The estimated cost to remove the violation, which is not disputed or contested, is $16,000. The combined assessed valuation of the subject building and the adjoining premises of similar size (both premises are joined in one assessment by the City of New York) was $60,000, of which $57,000 was for the land and $3,000 for the buildings. The good faith of the landlord is not questioned.
The State Rent Administrator’s determination was made on the ground that under the requirements of section 59 of the State Rent and Eviction Regulations the landlord must withdraw *170 the entire structure from the housing and nonhousing rental markets.
Upon the record herein, and a reasonable interpretation of section 59 of the State Rent and Eviction Regulations, I am of the opinion that the landlord has complied with the aforesaid section in that he has shown that he intends to withdraw the housing accommodations from the housing renting markets and that the cost of removing the violations far exceeds the assessed valuation of the building. Under such circumstances, the determination of the Rent Administrator was arbitrary, capricious and contrary to law. Accordingly, the application is granted in all respects.